**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LESLIE J. GRISHAM,
           *Plaintiff-Appellant,*

v.

PHILIP MORRIS U.S.A., a
corporation; BROWN & WILLIAMSON
TOBACCO COMPANY CORP.,
individually and as successor to
the American Tobacco Company
and its predecessor in interest,
British American Tobacco
Industries, PLC,
           *Defendants-Appellees.*

No. 03-55780

D.C. No.
CV-02-07930-SVW
Central District
of California,
Los Angeles

MARIA CANNATA,
           *Plaintiff-Appellant,*

v.

PHILIP MORRIS USA, INC., aka
Philip Morris; BROWN &
WILLIAMSON TOBACCO
CORPORATION,
           *Defendants-Appellees.*

No. 03-56018

D.C. No.
CV-02-08026-ABC
Central District
of California,
Los Angeles

ORDER
CERTIFYING
QUESTIONS TO
THE CALIFORNIA
SUPREME COURT

Filed March 29, 2005

Before: Jerome Farris, Dorothy W. Nelson, and
Ronald M. Gould, Circuit Judges.

3717

Per Curiam Opinion

---

**ORDER**

PER CURIAM:

We certify to the California Supreme Court the questions set forth in Part II of this order. The answers to the certified questions depend upon California law, and the answers may be determinative of the outcome of the present appeals. We find no clear controlling precedent in the decisions of the California Supreme Court. The answers provided by the California Supreme Court to the certified questions will be followed by this court.

All further proceedings in these cases are stayed pending final action by the California Supreme Court, and these cases are withdrawn from submission until further notice from this court. If the California Supreme Court accepts the certified questions, the parties shall file a joint report six months after the date of acceptance and every six months thereafter, advising us of the status of the proceedings.

## I.  CAPTION AND COUNSEL

A.  The captions of the cases are as follows:[1]

MARIA CANNATA, Plaintiff-Appellant

v.

PHILIP MORRIS USA, INC., aka Philip Morris; BROWN & WILLIAMSON TOBACCO CORP., Defendants-Appellees

---

[1]Although these appeals have not been consolidated, we have combined them for purposes of presenting a question for certification to the California Supreme Court.

AND

LESLIE GRISHAM, Plaintiff-Appellant

v.

PHILIP MORRIS USA; BROWN & WILLIAMSON TOBACCO COMPANY CORP., Defendants-Appellees.

Maria Cannata and Leslie Grisham are deemed the petitioners in this request because they appeal the district courts' rulings on these issues.

B. The names and address of counsel for the parties are as follows:

*For Maria Cannata:* Martin Louis Stanley, 1541 Ocean Avenue, Suite 200, Santa Monica, California 90401.

*For Leslie Grisham:* Frances M. Phares, Baum Hedlund, 12100 Wilshire Boulevard, Los Angeles, California 90025; Daniel U. Smith, Law Office of Daniel U. Smith, 21 Rancheria Road, Kentfield, California 94904.

*For Philip Morris:* Murry R. Garnick, Arnold & Porter LLP, 555 12th Street NW, Washington, D.C. 20004-1206; Maurice A. Leiter, Arnold & Porter, 777 South Figueroa Street, Los Angeles, California 90017-5884; Daniel P. Collins, Munger Tolles & Olson, LLP, 355 South Grand Avenue, Los Angeles, California 90071.

*For Brown & Williamson:* Frederick D. Baker, Ralph A. Campillo, Sedgwick, Detert, Moran & Arnold, 801 South Figueroa Street, Los Angeles, California 90017-5556.

## II.   QUESTION OF LAW

By this order we certify to the California Supreme Court for decision the dispositive[2] questions of state law before us: **(1) Under California law, can a plaintiff overcome the presumed awareness that he or she knows that smoking causes addiction and other health problems, and so show justifiable reliance?[3] (2) Under California law, if a plain-**

---

[2]We conclude that whether the plaintiffs' lawsuits can proceed at this juncture depends entirely upon the decision provided by the California Supreme Court. If the presumption of knowledge of tobacco's harms is not rebuttable, then we conclude that we must now affirm the district court's dismissal of Cannata's and Grisham's complaints by judgment on the pleadings. On the other hand, if the presumption is rebuttable, then Cannata and Grisham, who alleged lack of knowledge of harm of smoking, should be permitted to continue their suits to a stage, such as summary judgment proceedings or trial, where evidence will be considered, unless defendants provide the district court with some other legal basis for concluding the litigation. In any event, and accordingly, the decision of the California Supreme Court on the certified question will "determine the outcome of [this] matter pending in [the Ninth Circuit Court of Appeals]," *see* Cal. Rules of Court 29.8(a)(1), for it will control our decision on this appeal.

[3]If the California Supreme Court grants review on the certified question and gives its opinion, it may be helpful if the California Supreme Court also addresses, if the presumption is rebuttable, what factual showing is necessary to rebut the presumption. These appeals come before us following district court decisions granting motions to dismiss on the pleadings, even though Cannata and Grisham have alleged lack of knowledge of the dangers of smoking. If the presumption identified in *Soliman v. Philip Morris*, 311 F.3d 966 (9th Cir. 2002) is rebuttable under California law, then we conclude that these cases should not have been dismissed at the pleadings stage based on the *Soliman* presumption. It may be helpful for ongoing proceedings on remand if the California Supreme Court indicates what showing a plaintiff must make under California law to rebut the presumption of awareness that smoking causes addiction and other health problems.

It may also be helpful for the court to address the effect of an admission by a plaintiff that he or she is aware of an addiction to tobacco more than a year before filing suit. Grisham alleges awareness of her addiction to tobacco in 1993. If the presumption identified in *Soliman* is rebuttable, it may be helpful for the court to address whether this awareness prevents rebuttal of the presumption as a matter of law, such that reliance on defendants' representations would no longer be justifiable.

**tiff seeks damages resulting from an addiction to tobacco, does an action for personal injury accrue when the plaintiff recognizes that he or she is addicted to tobacco, if the plaintiff has not yet been diagnosed with an injury stemming from tobacco use?** Our phrasing of the questions should not restrict the California Supreme Court's consideration of the issues involved. We will accept the decision of the California Supreme Court, which is the highest authority on the interpretation of California law. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995) (holding that the Ninth Circuit is bound to follow the holdings of the California Supreme Court when applying California law).

## III.   STATEMENT OF FACTS

These diversity cases arise from physical and monetary injuries suffered by plaintiffs-appellants Maria Cannata and Leslie Grisham as the alleged result of smoking cigarettes manufactured and marketed by defendants-appellees Philip Morris USA, Inc. and Brown & Williamson Tobacco Corporation. In both cases, plaintiffs alleged (1) negligence, (2) strict liability, (3) false representation, (4) deceit/fraudulent concealment, (5) unfair competition and business practices, (6) negligent false and misleading advertizing, and (7) intentional false and misleading advertising.[4]

We summarize the facts as pleaded in both cases.[5] Both plaintiffs began smoking as minors: Leslie Grisham began in 1962-63; Marie Cannata began sometime before 1969. Cannata Am. Compl. ¶ 39; Grisham Compl. ¶ 28. Cannata

---

[4]Grisham also asserted claims for civil conspiracy and breach of express warranty.

[5]Because these appeals come to us from motions to dismiss, we assume the truth of the facts presented in the complaints and we will affirm the district courts' dismissal on the pleadings "only if untimeliness is apparent on the face of the liberally construed complaint." *Soliman*, 311 F.3d at 971 & n.5.

believed, and was induced to start smoking by, the representations of the defendants that smoking did not cause emphysema, lung problems, cardio-obstructive pulmonary disease, or any other problems. Cannata Am. Compl. ¶¶ 40, 42. Grisham states that she was induced to begin smoking by defendants' advertisements and promotional campaigns, which she alleges concealed the true risks of smoking. Grisham Compl. ¶ 28. Both plaintiffs allege that if they had been aware of the health risks of smoking, and the addictive nature of nicotine, as well the manipulation of nicotine levels and the intentional targeting of youths by defendants, they would not have begun smoking. Cannata Am. Compl. ¶ 43; Grisham Compl. ¶ 34.

Both plaintiffs allege that they were personally unaware that smoking was unhealthy and addictive because the defendants' ongoing conspiracy to defraud the public about the risks of smoking created a medical and scientific controversy as to whether or not cigarettes were truly harmful, and that they believed the defendants' side of this controversy. *E.g.*, Cannata Am. Compl. ¶¶ 4, 28; Grisham Compl. ¶¶ 24, 34. Cannata recently became aware that defendants' representations related to the safety of smoking were false, but she could not quit smoking because she was addicted. Cannata Am. Compl. ¶¶ 41-43. Grisham, too, asserts that once she became aware of the health risks associated with smoking, she could not quit because of her addiction. Grisham Compl. ¶ 34. She asserts that she unsuccessfully tried to overcome her "nicotine addiction" in 1993, although at that time she had not yet been diagnosed with any injury caused by her tobacco use. *Id.* at ¶¶ 31, 32, 35.

Cannata asserts that because she began smoking before the availability of substantial public information about the negative effects of smoking, her reliance on the defendants' misrepresentations was justified. Cannata Am. Compl. ¶ 42. Grisham asserts that the defendants' concealment of information about the health risks of smoking lead to her physical

injuries. Grisham Compl. ¶ 78. Both plaintiffs allege that if they had known of the health risks of smoking, the addictive nature of nicotine, the intentional manipulation of nicotine levels, and the targeting of minors, they would not have started smoking, and that by the time they became aware of these facts, they were addicted to cigarettes. Cannata Am. Compl. ¶ 43; Grisham Compl. ¶¶ 34, 78. Defendants counter that such reliance cannot be justifiable because, under *Soliman v. Philip Morris*, California law presumes a plaintiff's awareness that smoking causes addiction and other health problems. 311 F.3d 966, 974 (9th Cir. 2002).

As a result of defendants' allegedly wrongful conduct, Maria Cannata is dying. Cannata Am. Compl. ¶ 44. She has suffered and continues to suffer from permanent injuries, including emphysema, shortness of breath, other lung damage, and mental and emotional distress. *Id.* Grisham's use of tobacco has caused her to develop irreversible emphysema as well as disfiguring periodontal disease, including tooth and alveolar bone loss. Grisham Compl. ¶¶ 30-32. Both plaintiffs have incurred monetary injuries from defendants' wrongful conduct, including liability for medical treatment, lost prejudgment interest, lost wages, and other pecuniary losses. Cannata Am. Compl. ¶¶ 45-47; Grisham Compl. ¶¶ 37-39. They pray for relief in the form of compensatory and punitive damages, disgorgement of profits, and permanent injunctions preventing the sale of harmful cigarettes, as well as the targeting of minors in cigarette advertising, and related relief. Cannata Am. Compl. ¶¶ 133-46; Grisham Compl. at 67-68, ¶¶ a-n.

The district courts dismissed both complaints on the pleadings. The district court determined that Cannata's claims were time barred under California law because Cannata could not toll the applicable statutes of limitations by alleging an ongoing civil conspiracy.[6] *See Wyatt v. Union Mortgage Co.*, 24

---

[6]The parties agree that Cannata's claims are time barred if she cannot toll the statutes of limitation by alleging an ongoing conspiracy.

Cal. 3d 773, 786 (1979) (holding that the statute of limitations does not begin to run until the last overt act pursuant to the conspiracy is completed). Specifically, Cannata could not show an ongoing conspiracy to defraud because she could not show the essential element of justifiable reliance. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994) (holding that there is no separate cause of action for civil conspiracy, and that to establish such an action, a plaintiff must show some other underlying tort or civil wrong); *see also Chicago Title Ins. Co. v. Superior Court*, 174 Cal. App. 3d 1142, 1151 (1985) ("Justifiable reliance is an essential element of any cause of action for fraud and conspiracy to commit fraud."). The district court considered dispositive our holding in *Soliman*, that "California law presumes a plaintiff's awareness that smoking causes addiction and other health problems." 311 F.3d 973-76.

The district court also considered *Soliman* dispositive in Grisham's case. The court held that Grisham's claims were time-barred because under *Soliman*, she was charged with constructive knowledge of the risks of smoking. Further, the court pointed to Grisham's admission that she tried to overcome her addiction in 1993 as evidence that she was aware of her injury at that time. The court determined that Grisham's subsequent physical injuries stemmed from the same tortious conduct that caused her addiction, and thus were also time-barred. The court also found that Grisham's allegations of continuing wrong could not toll the statute of limitations because the presumption of awareness established in *Soliman* prevented a showing of justifiable reliance. *Id.*[7]

---

[7]The district court dismissed without prejudice Grisham's claims on behalf of third parties under California Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200 et seq.

## IV.   THE NEED FOR CERTIFICATION

### A.

We turn to the first question that compels our certification order: **Under California law, can a plaintiff overcome the presumed awareness that he or she knows that smoking causes addiction and other health problems, and so show justifiable reliance?** We certify this question because we conclude that there is no controlling precedent from the California state courts, and because the answer given by the California Supreme Court will be determinative of the appeal pending before us. *See* Cal. Rules of Court 29.8(a)(1); *id.* 29.8(a)(2).

In *Soliman*, we dismissed as time-barred under California law a complaint alleging product liability, negligence, breach of warranty, fraud, misrepresentation, conspiracy, and intentional infliction of emotional distress. 311 F.3d at 970, 974-75. We held that the discovery rule did not postpone accrual of Soliman's claims so as to render his complaint timely because Soliman had "reason at least to suspect a factual basis" for his claims once he was injured by the defendants' product. *Id.* at 971-72 (quoting and applying *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 398 (1999)). Soliman alleged addiction as one of his distinct injuries and, without deciding whether addiction might be a cognizable theory of recovery under California law, we held that Soliman had constructive knowledge under California law that smoking is addictive and so he could not invoke the discovery rule based on the industry's alleged concealment. *Id.* at 972-75.[8]

---

[8]We relied, in part, on the California legislature's 1987 enactment of an immunity statute that shielded tobacco manufacturers and retailers from liability for commonly known risks of smoking, the Surgeon General's 1988 conclusion that nicotine is addictive, and the Food and Drug Administration's 1996 assertion of jurisdiction over tobacco products because of their addictive effects. *Id.* at 973-74. With respect to the immunity statute, we found it telling that in *Naegele v. R.J. Reynolds Tobacco Co.*, 28 Cal. 4th 856, 866 (2002), the California Supreme Court implicitly determined that the addictive nature of cigarettes was a generally understood danger inherent in cigarette smoking. *Soliman*, 311 F.3d at 974.

Having determined that Soliman's complaint was time-barred under California law, we rejected Soliman's attempt to toll the applicable statutes of limitations on the unsuccessful theory that defendants' fraudulent concealment constituted a "continuing wrong." *Id.* at 975-76. We held that because California law "presumes a plaintiff's awareness that smoking causes addiction and other health problems," Soliman could not show the necessary element of justifiable reliance, and so could not state a continuing fraud claim. *Id.*

Although the California Supreme Court has not expressly commented on our decision in *Soliman*, it is clear that after *Soliman*, in the Ninth Circuit federal courts, a plaintiff is presumed under California law to be aware that smoking causes addiction and other health problems. *See infra* n.13. Nonetheless, after our decision in *Soliman* was rendered, some later decisions of the California state appellate courts have rendered unclear to us the scope of *Soliman*'s rule as a statement of California law.

In *Whiteley v. Philip Morris Inc.*, 117 Cal. App. 4th 635, 677-692 (Cal. Ct. App. 2004), California's intermediate appellate court refused to overturn a jury verdict finding liability for fraud based on the defendants' contention that the plaintiff's reliance was unreasonable. The *Whiteley* court first held that there was substantial evidence presented to the jury that the cigarette defendants "engaged in a deliberate scheme to deceive the public, individual smokers and potential smokers (including children and adolescents) about the health effects of smoking" and that the plaintiff heard the false assurances and denials of the cigarette defendants "and was led to believe, as defendants intended, that smoking cigarettes was 'safe' and that it did not cause cancer or other health risks." *Id.* at 678-82.

The *Whiteley* court next rejected defendants' contention that Whiteley's reliance was unreasonable because she was made aware of the hazards of smoking from Surgeon Gener-

al's warnings, doctors, relatives, and friends. *Id.* at 682. The court thought it important that Whiteley's deposition testimony had indicated that she did not notice package warnings when she began smoking or while she continued smoking, and that despite warnings, Whiteley believed the cigarette defendants' insistence that the health case against smoking had not been proved. *Id.* at 682-83.[9] The court held that, as a matter of law, it could not conclude that Whiteley's reliance on assurances from the defendants was unjustified, because that question turned on whether "the conduct of the plaintiff in the light of [her] own intelligence and information was manifestly unreasonable," and Whiteley's circumstances[10] supported her claim that she trusted the defendant tobacco companies that made the cigarettes when they said that smoking was safe. *Id.* at 684 (quoting *Seeger v. Odell*, 18 Cal. 2d 409, 414 (1941)).

*Whiteley* likewise rejected defendants' argument that the plaintiff was unable to show justifiable reliance because the health risks of smoking are commonly known. *Id.* at 684-692. Disagreeing with our decision in *Soliman*, the California intermediate appellate court opined that a common-knowledge defense to fraud claims is a question of fact for the jury to decide. *Id.* at 686, 691-92.[11] By upholding the jury's

---

[9]The court permitted the jury to consider and credit testimony of plaintiff's expert witness, who suggested that it was reasonable to assume that Whiteley had not seen the warning labels because teenagers generally ignore fine print and because "smoking is so habituated a routine that one . . . doesn't even need to look at the pack while handling it and getting a cigarette." *Id.* at 683.

[10]Among the pertinent circumstances were Whiteley's lack of sophistication, her addiction to cigarettes, and related facts set forth in her deposition testimony.

[11]The *Whiteley* court held that the defendants "waived any claim based upon the asserted 'common knowledge' of the health hazards of smoking by failing to raise it in the trial court." *Id.* at 688. Moreover, the court distinguished *Soliman* as based on different evidence, in a different context, i.e. in a motion to dismiss on the pleadings because of the statutes of limitation. *Id.* at 690-92.

finding of justified reliance, *Whiteley* raises new questions concerning tobacco litigation under California law. Perhaps implicit in *Whiteley*'s holding is the notion that a plaintiff may be able to overcome the presumption of awareness that smoking causes addiction and other health problems by presenting evidence to the trier of fact.

While federal district court decisions have routinely relied on our decision in *Soliman* to dismiss tobacco lawsuits with claims similar to those made by Cannata and Grisham,[12] California state courts in at least one other case have just as clearly upheld jury findings of fraud in tobacco litigation in accord with *Whiteley*. In *Henley v. Philip Morris USA, Inc.*, 9 Cal. Rptr. 3d 29 (Cal. Ct. App. 2004), *review granted by* 88 P.3d 497 (Cal. 2004), *review dismissed by* 97 P.3d 814 (Cal. 2004), *stay granted by* 125 S. Ct. 376 (2004), the California intermediate appellate court sustained a jury verdict against a cigarette manufacturer holding that the plaintiff presented adequate evidence showing actual and reasonable reliance on the defendant's misrepresentations. *Id.* at 62-64. The court held that the jury was entitled to credit the plaintiff's testimony that while she was aware of the Surgeon General's warnings, she chose to believe the contrary statements of the tobacco companies. *Id.* at 63 ("The jury was entitled to find that by [the time warnings were placed on cigarette packs], in her addicted state, plaintiff was easy prey for defendant's disinformation campaign and readily clutched at the industry's caricature of objective inquiry.").

---

[12]*See, e.g.*, *Pooshs v. Altria Group, Inc.*, 331 F. Supp. 2d 1089, 1092-97 (N.D. Cal. 2004); *Norris v. R.J. Reynolds*, 2004 WL 601653 (C.D. Cal. 2004) (unpublished disposition); *Simpson v. Philip Morris, Inc.*, 2003 WL 23341207 (C.D. Cal. 2004) (unpublished disposition); *Lee v. Philip Morris, Inc.*, 2003 WL 23341206 (N.D. Cal. 2004) (unpublished disposition); *Taylor v. Philip Morris, Inc.*, 2003 WL 22416693 (N.D. Cal. 2003) (unpublished disposition); *Jacobs v. Philip Morris, Inc.*, 2003 WL 23342334 (C.D. Cal. 2003) (unpublished disposition); *Baker v. Philip Morris, Inc.*, 2003 WL 23341210 (S.D. Cal. 2003) (unpublished disposition); *Harshbarger v. Philip Morris, Inc.*, 2003 WL 23342396 (N.D. Cal. 2003) (unpublished disposition).

Our holdings in *Soliman* bind us, *Norita v. N. Mariana Islands*, 331 F.3d 690, 696 (9th Cir. 2003), but at the same time we do not wish to ignore the intervening decisions of California's intermediate appellate courts. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 884 n.7 (9th Cir. 2000). The two lines of tobacco precedent in federal and state court may suggest that California law presumes a general public awareness of the risks of smoking, but that an individual plaintiff, in an appropriate case, can overcome this presumption and receive a jury determination on whether the individual plaintiff's reliance on cigarette manufacturers' misrepresentations was justifiable, i.e., whether the individual plaintiff was unaware of the health risks of smoking such that the plaintiff's reliance was justified. However, no decision of the California Supreme Court or the California intermediate appellate courts has squarely held that a plaintiff can overcome the presumption that a plaintiff smoker is aware of the dangers of smoking, and so we certify this question to the California Supreme Court. *See* Cal. Rules of Court 29.8(a)(2).[13]

As we have explained, *supra* note 2, the California Supreme Court's resolution of the question that we have certified will necessarily determine the outcome of these pending appeals. *See* Cal. Rules of Court 29.8(a)(1). If the California Supreme Court decides that, under California law, a plaintiff cannot overcome the presumed awareness that smoking causes addiction and other health problems, and so show justifiable reliance on cigarette manufacturers' fraud, we will affirm the dismissal of both of the plaintiffs' complaints by the district court. Conversely, if the California Supreme Court holds that, under California law, a plaintiff can rebut the presumption of awareness that smoking causes addiction and health problems, we will reverse the district court's dismissal

---

[13]A decision from the California Supreme Court on this question will help harmonize federal and state law in tobacco litigation. *See* Cal. Rules of Court 29.8(f)(1).

of these cases and remand them for further proceedings consistent with the decision of the California Supreme Court.

**B.**

We certify an additional question to the California Supreme Court: **Under California law, if a plaintiff seeks damages resulting from an addiction to tobacco, does an action for personal injury accrue when the plaintiff recognizes that he or she is addicted to tobacco, if the plaintiff has not yet been diagnosed with an injury stemming from tobacco use?** We certify this question because we conclude that there is no controlling precedent from the California state courts, and because the answer given by the California Supreme Court may be determinative of Grisham's appeal pending before us. *See* Cal. Rules of Court 29.8(a)(1); *id.* 29.8(a)(2).

In *Soliman*, we held that because the plaintiff was charged with awareness of the addictive nature of tobacco, the statute of limitations on his claim against defendant tobacco manufacturers began to run not when he was first diagnosed with injuries stemming from his tobacco use, but "when he should have known of *any* significant injury from defendant's wrongful conduct[.]" 311 F.3d at 972 (emphasis in original). Although Soliman's complaint was filed within a year of his diagnosis with dyspnea and orthopnea, we held that because Soliman alleged addiction as a distinct injury, his cause of action accrued when he should have known that he was addicted. *Id.*

Decisions of the California appellate courts subsequent to *Soliman* have also rendered unclear the scope of *Soliman's* holding regarding the accrual of personal injury claims in cases involving tobacco addiction. In *Henley*, the intermediate appellate court stated that the jury was entitled to find that the plaintiff had become addicted to cigarettes well before 1988 with "sharply impaired judgment and will." 9 Cal. Rptr. at 40. The court noted that in deposition testimony, the plaintiff

responded affirmatively to a question that she had heard of the health risks associated with smoking and did not want to believe them. *Id.* at 65. The court stated that this testimony did not render the evidence insufficient to support a jury verdict on fraudulent concealment. *Id.*

In *Whiteley*, the appellate court held that sufficient evidence supported a finding that the plaintiff's addiction to cigarettes rendered her susceptible to believing the cigarette manufacturers' statement. 117 Cal. App. 4th at 680. Whiteley appears to have recognized that she was unable to quit smoking; she testified that when she tried to stop smoking she experienced severe withdrawal, became dizzy, could not concentrate, and craved cigarettes. *Id.* at 644. Neither *Henley* nor *Whiteley* address specifically the statute of limitations, but neither case indicates that awareness of addiction more than a year before filing suit would render an otherwise timely personal injury claim untimely, thereby casting new light on the presumption in *Soliman* that awareness of addiction commences the running of the statute of limitations.

The presiding district court in Grisham's case applied *Soliman* to the facts of the case before it. Grisham's pleadings stated that she tried to overcome her addiction in 1993. Because Grisham sought compensation for damages stemming from her addiction, the court held that her recognition of addiction in 1993 rendered her complaint untimely, although she had not been diagnosed with any physical injuries stemming from her tobacco addiction until 2001. If Grisham's reliance on defendants' alleged misrepresentations is justifiable under California law, her suit would still be untimely if all of her causes of action accrued at the moment she realized that she was addicted to tobacco.

It is unclear whether the plaintiffs in *Henley* or *Whiteley* sought relief on the basis of their addictions, as does Grisham. Grisham Compl. ¶ 160 (stating that plaintiff was induced to spend unknown sums of money on cigarettes as a result of

addiction). It is clear that in both *Henley* and *Whiteley*, appellate courts found that sufficient evidence had been presented for the juries to conclude that the plaintiffs had been addicted to cigarettes for many years. *Henley*, 9 Cal. Rptr. at 40; *Whiteley*; 117 Cal. App. 4th at 680. Both appellate courts found that the long-term nature of the plaintiffs' addictions supported their claims for relief, because in their addicted states, plaintiffs were more willing to believe information provided by cigarette manufacturers. *Henley*, 9 Cal. Rptr. at 63; *Whiteley*, 117 Cal. App. 4th at 679. In light of these holdings, it is not apparent to us whether Grisham's recognition of her addiction would constitute the accrual of all of her causes of action against the defendants. It may be that under California law, Grisham's claims for damages for addiction are untimely, while her claims for physical injury could proceed as in *Henley* and *Whiteley*. No decision of the California Supreme Court or appellate courts has held squarely what effect the acknowledgment of an addiction has on the accrual of a personal injury action in the context of tobacco litigation, so we certify this question to the California Supreme Court. *See* Cal. Rules of Court 29.8(a)(2).[14]

The California Supreme Court's resolution of the question that we have certified will necessarily determine the outcome of Grisham's pending appeal. *See* Cal. Rules of Court 29.8(a)(1). If the California Supreme Court decides that, under California law, a claim seeking damages caused by addiction accrues when a plaintiff recognizes that he or she is addicted, regardless of whether the plaintiff has been diagnosed with any illnesses at that time, we will affirm the district court's dismissal of Grisham's complaint. Conversely, if the California Supreme Court holds that the causes of action do not accrue at the moment a plaintiff acknowledges his or her addiction, we will reverse the district court's dismissal of

---

[14]A decision from the California Supreme Court on this question will help harmonize federal and state law in tobacco litigation. *See* Cal. Rules of Court 29.8(f)(1).

these cases and remand them for further proceedings consistent with the decision of the California Supreme Court.

## V.   ACCOMPANYING MATERIALS

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of this request with a certificate of service on the parties, pursuant to California Rules of Court 29.8(b)(1), (c), (d).

Further proceedings before us are stayed pending the California Supreme Court's decision whether it will accept review, and if so, our receipt in due course of the decision to the certified questions of California law. These cases are withdrawn from submission until further order from this Court. The panel will resume control and jurisdiction of these cases upon receiving a decision from the California Supreme Court or upon that court's decision to decline to answer the certified questions. The parties shall file **a joint report** informing this Court of whether the California Supreme Court will decide the certified questions, after that decision is made. If the California Supreme Court accepts the certified questions, the parties shall file **a joint status report** to our Court every six months after the date of acceptance, or more frequently if circumstances warrant. **IT IS SO ORDERED.**

Respectfully submitted, Jerome Farris and Dorothy W. Nelson, Senior Circuit Judges, and Ronald M. Gould, Circuit Judge.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.