Edwin **DURAND**; Madelaine Durand, Plaintiffs—Appellants,

v.

**UNITED STATES CUSTOMS,** an Agency of and for the U.S. Department of the Treasury; et al., Defendants—Appellees.

No. 05–55472.

D.C. No. CV–04–02377–FMC.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edwin Durand, Madeline Durand, Reno CA, pro se.

Brent A. Whittlesey, Asst. U.S. Atty., Office of the U.S. Attorney, Los Angeles, CA, for U.S. Customs, Vera Adams, Herb Hunter and Christpher King.

Bentley Paul Stansbury, III, John A. Walsh, II, Keesal Young & Logan, Long Beach, CA, for Wallenius Wilhelmsen Lines Americas LLC and Mary Jo French.

Danny T. Morin, Dennis J. Seider, Nicholle M. Noyes, Parker Mills & Patel, Los Angeles, CA, for Crescent Warehouse Ltd.

Mark P. Estrella, Bannan GReen Frank & Terzian, Los Angeles, CA, for Mercedes-Benz USA LLC and Ernie Cuneo.

Anna F. Roppo, Vivian W. Schultz, Duckor Spradling and Metzger, San Diego, CA, for EG&G Technical Services, Inc.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Edwin Durand and Madelaine Durand appeal pro se from the district court's orders dismissing their action against the United States Customs Service, an arm of Customs and Border Patrol ("CBP"), and various entities and individuals alleging that their constitutional rights were violated when they attempted to import a Mercedes–Benz from Germany. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal orders. *See Hicks v. Small,* 69 F.3d 967, 969 (9th Cir.1995) (dismissal for lack of subject matter jurisdiction and under Fed.R.Civ.P. 12(b)(6)). We review for abuse of discretion the denial of a motion for reconsideration. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

■ The district court properly dismissed the Durands' constitutional tort claims against the CBP and the Treasury based on sovereign immunity. *See Arnsberg v. United States,* 757 F.2d 971, 980 (9th Cir.1985) (rejecting *Bivens* claim against the federal government and its agencies absent waiver of sovereign immunity). The district court's dismissal of common law tort claims against the CBP and the individual federal employees was also proper. *See Gasho v. United States,* 39 F.3d 1420, 1433 (9th Cir.1994) (holding that the Federal Tort Claims Act exempted from liability intentional tort claims arising out of a customs officer's seizure of goods); *Kosak v. United States,* 465 U.S. 848, 862, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984). The district court properly dismissed any *Bivens* claim against the individual federal defendants because an alternative remedial scheme for relief existed, and the Durands failed to follow it. *See*

*Libas Ltd. v. Carillo,* 329 F.3d 1128, 1130–31 (9th Cir.2003) (affirming dismissal of *Bivens* action where an alternative remedy exists and "special factors" counsel against district court adjudication of a customs dispute); 19 U.S.C. § 1514 (providing a remedy for claims that goods were excluded from entry to the United States).

■ The district court did not err by dismissing the Durands' claims that Crescent Warehouse ("Crescent") committed conversion and violated a warehouseman's lien, because the Durands did not assert a warehouseman's lien, and Crescent was not responsible for selling the car. *See* Cal. Com.Code § 7210.

■ The district court properly dismissed the Durands' intentional infliction of emotional distress claim against Wallenius Wilhemsen Lines Americas, LLC ("WWLA") because they failed to allege conduct that was extreme and outrageous. *See Braunling v. Countrywide Home Loans Inc.,* 220 F.3d 1154, 1158 (9th Cir. 2000). The civil conspiracy claim was also properly dismissed because the Durands failed to establish an underlying wrong, an essential requirement of a civil conspiracy claim. *See Grisham v. Philip Morris U.S.A.,* 403 F.3d 631, 635 (9th Cir.2005) (per curiam).

■ The district court properly dismissed the Durands' claim that EG & G Technical Services ("EG & G") breached its contract with CBP when it violated various state and federal laws, because the Durands had no standing to assert these claims without being a party to the contract. *See Orff v. United States,* 358 F.3d 1137, 1145 (9th Cir.2004) (requiring a plaintiff to show that it is a party to, or the intended beneficiary of, a contract before it can sue for contract breach). Nor did the Durands have a private cause of action

for "fencing stolen property." *See* Cal.Penal Code § 484(a). We find the Durands' remaining contentions with regard to EG & G unpersuasive.

The district court properly dismissed the Durands' claim of a Sherman Act violation against Mercedes–Benz USA and its employee, because these two defendants were not distinct business entities, *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 811 (9th Cir.1988), and the allegations did not show that Mercedes was attempting to monopolize, *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1202 (9th Cir.1997). The district court did nor err by determining that amendment would not have cured these deficiencies. *See McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir.2003).

The district court did not abuse its discretion by denying the Durands' motion for reconsideration that merely reargued issues the court had already considered and rejected. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.1991).

The Durands' remaining contentions are unpersuasive.

Crescent's request for judicial notice, received on June 15, 2004, is ordered filed, and granted.

We deny all pending requests for costs pursuant to Fed. R.App. P. 38 and for attorney's fees pursuant to Fed. R.App. P. 39, without prejudice to the filing of such motions in accordance with Fed. R.App. P. 38 and Ninth Circuit Rule 39–1.

**AFFIRMED.**