**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NIKKI POOSHS,

        *Plaintiff-Appellant,*

    v.

PHILLIP MORRIS USA, INC.; PHILIP
MORRIS COMPANIES, INC. R.J.
REYNOLDS TOBACCO HOLDINGS,
INC.; R.J. REYNOLDS TOBACCO
COMPANY; NABISCO GROUP
HOLDINGS CORP.; NABISCO INC.;
BROWN AND WILLIAMSON TOBACCO
CORPORATION, individually and as
successor by merger to The
American Tobacco Company and
its predecessors in interest; BRITISH
AMERICAN TOBACCO COMPANY PLC;
LORILLARD TOBACCO COMPANY;
LORILLARD INC.; LIGGETT GROUP
INCORPORATED; LIGGETT & MYERS
INC.; LIGGETT AND MYERS TOBACCO
COMPANY; VECTOR GROUP LTD.;
HILL & KNOWLTON INC TOBACCO
INSTITUTE, INC.; COUNCIL FOR
TOBACCO RESEARCH USA
INCORPORATED; DNA PLANT
TECHNOLOGY, CORPORATION;
SAFEWAY INC.,

        *Defendants-Appellees.*

No. 08-16338

D.C. No.
3:04-cv-01221-PJH
Northern District of
California,
San Francisco

ORDER
CERTIFYING THE
QUESTION TO
THE STATE
SUPREME COURT
OF CALIFORNIA

Filed April 1, 2009

Before: Betty B. Fletcher and M. Margaret McKeown, Circuit Judges, and William T. Hart,* District Judge.

## ORDER

PER CURIAM:

We certify to the California Supreme Court the questions set forth in Part II of this order. The answer to the certified questions depend upon California law, and the answers are determinative to the outcome of the present appeal. We find no clear controlling precedent in the decisions of the California Supreme Court. The answer provided by the California Supreme Court to the certified questions will be followed by this court.

All further proceedings in this case are stayed pending final action by the California Supreme Court, and this case is withdrawn from submission until further notice from this court. If the California Supreme Court accepts the certified questions, the parties shall file a joint report three months after the date of acceptance and every three months thereafter, advising us of the status of the proceedings. We note that this appeal was brought before us on an expedited basis and respectfully request that the California Supreme Court also consider an expedited resolution in light of appellant's terminal illness.

## I.  CAPTION AND COUNSEL

### A.  CASE TITLE, NUMBER, AND DESIGNATION OF PETITIONER

The caption of this case is as follows:

*The Honorable William T. Hart, Senior District Judge for the Northern District of Illinois, sitting by designation.

NIKKI POOSHS,

              Plaintiff - Appellant,

     v.

PHILLIP MORRIS USA, INC.; PHILIP MORRIS COMPA-
NIES, INC. R.J. REYNOLDS TOBACCO HOLDINGS,
INC.; R.J. REYNOLDS TOBACCO COMPANY; NABISCO
GROUP HOLDINGS CORP.; NABISCO INC.; BROWN
AND WILLIAMSON TOBACCO CORPORATION, individ-
ually and as successor by merger to The American Tobacco
Company and its predecessors in interest; BRITISH AMERI-
CAN   TOBACCO   COMPANY   PLC;   LORILLARD
TOBACCO  COMPANY;  LORILLARD  INC.;  LIGGETT
GROUP  INCORPORATED;  LIGGETT  &  MYERS  INC.;
LIGGETT  AND  MYERS  TOBACCO  COMPANY;  VEC-
TOR GROUP LTD.; HILL & KNOWLTON INC TOBACCO
INSTITUTE,    INC.;    COUNCIL    FOR    TOBACCO
RESEARCH USA INCORPORATED; DNA PLANT TECH-
NOLOGY, CORPORATION; SAFEWAY INC.,

              Defendants - Appellees.

   The case number of this appeal is 08-16338. Nikki Pooshs
is deemed the petitioner in this request because she appealed
the district court's ruling on these issues.

## B.   NAMES AND ADDRESSES OF COUNSEL FOR THE PARTIES

*For Nikki Pooshs*: David Wayne Fermino, BRAYTON
PURCELL, LLP, 222 Rush Landing Road, Novato, CA
94948-6169; James P. Nevin, BRAYTON PURCELL, LLP,
222 Rush Landing Road, Novato, CA 94948-6169; Gilbert L.
Purcell, BRAYTON PURCELL, LLP, 222 Rush Landing
Road, Novato, CA 94948-6169.

*For Phillip Morris*: Daniel Paul Collins, MUNGER, TOL-
LES & OLSON LLP, 35th Floor, 355 South Grand Avenue,

Los Angeles, CA 90071-1560; James Lee Dumas, SHOOK HARDY & BACON, LLP, Suite 600, 333 Bush St., San Francisco, CA 94104-2828; Jenny Bown, SHOOK HARDY & BACON, LLP, Suite 600, 333 Bush St., San Francisco, CA 94104-2828; Alicia J. Donahue, SHOOK HARDY & BACON, LLP, Ste. 600, 333 Bush St., San Francisco, CA 94104-2828; Chris Johnson, Esquire, SHOOK HARDY & BACON, LLP, Suite 600, 333 Bush St., San Francisco, CA 94104-2828.

*For R.J. Reynolds Tobacco Co.*: Paul Crist, JONES DAY, 901 Lakeside Avenue, Cleveland, OH 44114; Ashlie Case, JONES DAY, North Point 901 Lakeside Ave., Cleveland, OH 44114; Peter N. Larson, JONES DAY, 26th Floor, 555 California Street, San Francisco, CA 94104.

*For Brown and Williamson Tobacco Corporation*: Ashlie Case (see above); Paul Crist (see above); Peter N. Larson (see above).

*For Lorillard Tobacco Company*: Kevin Underhill, SHOOK HARDY & BACON, LLP, Suite 600, 333 Bush St., San Francisco, CA 94104-2828; Jenny Brown, Esquire, SHOOK HARDY & BACON, LLP, Suite 600, 333 Bush St., San Francisco, CA 94104-2828; Alicia J. Donahue (see above); James Lee Dumas (see above); Chris Johnson (see above).

*For Hill & Knowlton, Inc.*: Stanley G. Roman, KRIEG KELLER SLOAN REILLEY & ROMAN, LLP, 4th Floor, 114 Sansome St., San Francisco, CA 94104; Tracy M. Clements, KRIEG KELLER SLOAN REILLEY & ROMAN, LLP, 4th Floor, 114 Sansome St. San Francisco, CA 94104.

*For DNA Plant Technology Corp.*: J. Leah Castella, MCDONOUGH HOLLAND & ALLEN PC, 9th Floor, 1901 Harrison Street, Oakland, CA 94612; Raymond C. Marshall,

BINGHAM McCUTCHEN, LLP, Three Embarcadero Center, San Francisco, CA 94111-4067.

*For Safeway, Inc.*: James Lee Dumas (see above).

## II.  QUESTIONS OF LAW

By this order we certify to the California Supreme Court for decision the dispositive[1] questions of state law before us: (1) Under California law, when may two separate physical injuries arising out of the same wrongdoing be conceived of as invading two different primary rights? (2) Under California law, may two separate physical injuries —both caused by a plaintiff's use of tobacco—be considered "qualitatively different" for the purposes of determining when the applicable statute of limitations begins to run?

Our phrasing of the questions should not restrict the California Supreme Court's consideration of the issues involved. We will accept the decision of the California Supreme Court, which is the highest authority on the interpretation of California law. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995) (holding that the Ninth Circuit is bound to follow the holdings of the California Supreme Court when applying California law).

## III.  STATEMENT OF FACTS

This diversity case arises from an injury suffered by plaintiff-appellant Nikki Pooshs as the alleged result of smoking cigarettes manufactured and marketed by defendants-appellees. The ten remaining claims, which the parties agree

---

[1]We conclude that whether Pooshs's lawsuit can proceed at this juncture depends entirely upon the decision provided by the California Supreme Court. If either Pooshs's 1989 diagnosis of chronic obstructive pulmonary disease or her 1990 diagnosis of periodontal disease started the limitations period for all tobacco related physical injuries, then Pooshs's current suit for damages caused by her terminal lung cancer will be time-barred.

are governed by the substantive law of California, are: (1) negligence; (2) product liability; (3) misrepresentation; (4) fraud and deceit (intentional misrepresentation); (5) fraud and deceit (concealment); (6) fraud and deceit (false promise); (7) fraud and deceit (negligent misrepresentation); (8) concert of action (conspiracy); (9) pre-1969 failure to warn; and (10) off-label failure to warn.[2] On summary judgment,[3] the district court held that all of Pooshs's claims are time-barred. *See Pooshs v. Philip Morris, USA, Inc.*, 2008 WL 2220422 (N.D. Cal. May 27, 2008) ("Pooshs II").

For the purposes of summary judgment, the following facts were accepted as true. Pooshs smoked tobacco products from 1953 until 1991. When Pooshs started smoking, she was unaware of the potential impact smoking would have on her health. The defendants' conduct contributed to this by concealing facts about the addictive nature of smoking and the associated health hazards. In 1989, Pooshs was diagnosed with chronic obstructive pulmonary disease ("COPD"). Pooshs believed the COPD was caused by smoking. In 1990, Pooshs was diagnosed with periodontal disease. Her periodontist told her the disease was directly caused by smoking. Pooshs did not bring suit against the defendants for either of these ailments. On January 31, 2003, Pooshs was diagnosed

---

[2]Counts (2), (9), and (10) were not brought against defendant Hill & Knowlton.

[3]The district court previously dismissed the case based on application of the statute of limitations. *See Pooshs v. Altria Group, Inc.*, 331 F. Supp. 2d 1089 (N.D. Cal. 2004). While that ruling was pending on appeal, the parties jointly moved to remand the case to the district court for further consideration in light of *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 151 P.3d 1151 (2007). *Grisham* concerned certified questions from two Ninth Circuit cases involving statute of limitations issues for tobacco-related personal injuries. *See Grisham v. Philip Morris U.S.A.*, 403 F.3d 631 (9th Cir. 2005) (per curiam). *See also Grisham v. Philip Morris U.S.A.*, 482 F.3d 1131 (9th Cir. 2007) (per curiam) (remanding appeal following California Supreme Court ruling on certified questions). Following the remand of the first appeal, defendants moved for summary judgment.

with lung cancer. It is uncontested that the etiology for lung cancer is distinct from the etiology for COPD and periodontal disease. Just under a year later, Pooshs filed the present suit seeking relief for the lung cancer only. The district court held that Pooshs's claims were time-barred because her "awareness by the early 1990s that she suffered from serious smoking-related illnesses started the statute of limitations running as to her personal injury claim." *Pooshs v. Phillip Morris USA, Inc.*, 2008 WL 2220422, 16 (N.D. Cal. 2008).

## IV. THE NEED FOR CERTIFICATION

In *Grisham v. Philip Morris*, the California Supreme Court discussed the "rule against splitting a cause of action" and its relationship to the rule that "the infliction of appreciable and actual harm, however uncertain in amount, will commence the running of the statute of limitations." 151 P.3d 1151, 1161 (Cal. 2007) (quoting *Davies v. Krasna,* 535 P.2d 1161 (Cal. 1975)) (internal quotes omitted). The Court recognized that "[t]hese two rules may intersect . . . when a single wrongdoing gives rise to two or more different injuries, manifesting at different times, raising the question whether the two injuries are invasions of two different primary rights." *Grisham*, 151 P.3d at 1162. The California Supreme Court also recognized that different courts in California have responded differently to the issues created by the intersection of these two rules when an earlier injury and a later injury can both be traced to a single source. *Id.* Specifically, "[s]ome courts have held that the earlier injury, even if less serious than the later injury, sets the statute running as to both injuries, and expiration of the statute on the earlier injury bars a suit on the later one." *Id.* (citing *Miller v. Lakeside Vill. Condo Ass'n.*, 1 Cal. App. 4th 1611 (1991) (sickness from exposure to mold in condominium unit started limitations period for later sickness of greater severity which was also caused by the initial exposure); and *DeRose v. Carswell*, 196 Cal. App. 3d 1011 (1987) (injuries from rape started limitations period for later psychological problems stemming from the rape)). However, "[o]ther courts

have found that, under various theories, suit on a later manifesting injury was not time-barred even when suit on the earlier injury would be." *Grisham*, 151 P.3d 1162 (citing *Zambrano v. Dorough*, 179 Cal. App. 3d 169, 174 (1986) (tubal pregnancy which led to hospitalization was a "different type" of injury than later hysterectomy even though they were both caused by problems stemming from the same misdiagnosis); and *Martinez-Ferrer v. Richardson-Merrell, Inc.*, 105 Cal. App. 3d 316, 326-327 (1980) (concluding that severe dermatitis was a different type of injury than cataracts that developed 16 years later even though both conditions were caused by the same drug)).

After recognizing this split of authority among California courts, the California Supreme Court declined to address the specific issue that arises in this appeal: "whether and under what circumstances two different physical injuries arising out of the same wrongdoing can give rise to two separate lawsuits . . . ." *Grisham*, 151 P.3d at 1163. Instead, the Court resolved the issue before it by determining that Grisham had alleged two "different types of injury, one serious physical injury or injuries, the other an economic injury." *Id.* Consequently, the California Supreme Court did not resolve whether two physical injuries may be thought of as invading different primary rights, and when, if ever, two physical injuries that were both caused by prolonged use of tobacco products may give rise to separate limitations periods. Because the Court specifically reserved this question, we view this case as particularly appropriate for certification.

The California Supreme Court's resolution of the certified questions will necessarily determine the outcome of Pooshs's pending appeal. *See* Cal. Rules of Court 29.8(a)(1). If the Court decides that, under California law, either Pooshs's 1989 diagnosis of COPD or her 1990 diagnosis of periodontal disease started the limitations period for all tobacco related physical injuries, then Pooshs's current suit for damages caused by her terminal lung cancer will be time-barred, and we will

affirm the district court's dismissal of Pooshs's complaint. Conversely, if the California Supreme Court concludes that the limitations period did not begin with either of Pooshs's prior diagnoses, we will reverse the district court's dismissal of Pooshs's claims and remand for further proceedings consistent with the decision of the California Supreme Court.

## V. ACCOMPANYING MATERIALS

The clerk of this court is directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excepts of record, and an original and ten copies of this request with a certificate of service on the parties pursuant to California Rules of Court 29.8(b)(1), (c), (d).

Further proceedings before us are stayed pending the California Supreme Court's decision whether it will accept review, and if so, our receipt in due course of the decision to the certified questions of California law. These cases are withdrawn from submission until further order from this court. The panel will resume control and jurisdiction of these cases upon receiving a decision from the California Supreme Court or upon that court's decision to decline to answer the certified questions. The parties shall file a joint report informing this court whether the California Supreme Court will decide the certified questions, after that decision is made. If the California Supreme Court accepts the certified questions, the parties shall file a joint status report to our court every three months after the date of acceptance, or more frequently if circumstances warrant.

**IT IS SO ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.