Filed 12/24/14  Chen v. Jordan CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| NENG-GUIN CHEN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVE JORDAN et al.,<br><br>    Defendants and Appellants. | D064717 & D065587<br><br><br>(Super. Ct. No. 37-2001-00059491-CU-BC-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Reversed.

Jeffrey S. Eddington; Law Offices of Mary A. Lehman and Mary A. Lehman for Defendants and Appellants.

Neng-Guin Chen, in pro. per., for Plaintiff and Respondent.

INTRODUCTION

Lisbeth Jordan, as personal representative of the Estate of Stephan Jordan (Jordan); LRDB, LLC (LRDB); and Rebuilding America, Inc. (Rebuilding America) (collectively, appellants) appeal from a judgment in favor of Neng-Guin Chen. Appellants contend the trial court erred by denying their motion for judgment because Chen's claims are facially time-barred and she has not and cannot plead the applicable statutes of limitations were tolled. Alternatively, appellants contend the court erred by denying their motion to vacate the judgment on the same ground, or by denying it as to Jordan and Rebuilding America on the ground they were not parties to the agreement underlying the litigation.

We agree the court erred by denying appellants' motion for judgment on the pleadings. As Chen has not demonstrated she can amend her complaint to overcome the pleading deficiencies, we remand the matter to the trial court with directions to enter judgment on the pleadings for appellants. Given our conclusion, we need not address whether the court also erred by denying appellants' motion to vacate the judgment.[1]

BACKGROUND

Chen, a licensed real estate agent, purchased a five-unit apartment building in 2004. The purchase agreement identifies LRDB as the seller. The agreement was signed by "Steve Jordan" as a member of LRDB.

---

[1]    There is currently a conflict in the law as to whether a party may appeal the denial of a motion to vacate a judgment. (See *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 820-823; *Howard v. Lufkin* (1988) 206 Cal.App.3d 297, 300-303.) Given our conclusion, we need not address this issue either.

As part of the sales documents, LRDB provided Chen with a real estate transfer disclosure statement (disclosure statement). The disclosure statement included questions asking whether LRDB was aware of any "room additions, structural modifications, or other alterations or repairs" that were either (1) made without necessary permits, or (2) not in compliance with building codes. Instead of checking the "Yes" or "No" box provided on the disclosure statement, LRDB handwrote "unknown" in response to these questions. In addition, LRDB handwrote on the disclosure statement, "Construction standards [and] codes change over the years. The contractor has made repairs and replacement of items deemed necessary. The property, however is not brand new, and is not represented as such." LRDB's agent also handwrote a note recommending, "buyer obtain a professional home inspection. Condition of tenant occupied units will be determined during buyer's inspection . . . ."

The appraisal report prepared for Chen's lender similarly states, "The improvement is very old and was likely built around the turn of the century (perhaps 1898). The quality is low cost and incorporate[s] many features which would not be allowed by present building codes or construction standards."

In 2009, the City of Oceanside, where the building is located, cited Chen because one of the rental units was an unpermitted garage conversion. Resolution of the citation resulted in the unit becoming uninhabitable.

In 2011, Chen filed a complaint against appellants for breach of contract, unjust enrichment, intentional misrepresentation, and fraud. She claimed, had she known of the unpermitted work, she either would not have purchased the property or she would have

3

paid a purchase price, obtained a loan, and paid property taxes based upon the property having four rental units, rather than five.

Appellants answered the complaint, generally denying its allegations. Appellants also asserted numerous affirmative defenses, including that: (1) Chen's claims were barred by various statutes of limitations; (2) Jordan and Rebuilding America did not own the property at issue; and (3) Jordan and Rebuilding America did not owe any duty to Chen.

Appellants subsequently moved for judgment on the pleadings. They sought an order dismissing the complaint, arguing Chen's claims were barred by the applicable statutes of limitations and the discovery rule did not apply because Chen had inquiry notice prior to purchasing the property. Alternatively, they sought an order dismissing the complaint as to Jordan and Rebuilding America, arguing neither was a party to the purchase agreement.

The court denied the motion because it was "not persuaded that the complaint does not state a cause of action against [appellants]." Two weeks later, at a trial readiness conference, defense counsel informed the court appellants no longer intended to defend the action.

At trial, which the court conducted in appellants' absence, Chen submitted declarations and documents in support of her claims. Based on this evidence, the court entered judgment for Chen and awarded her $557,528.60, consisting of $360,434 in damages, $30,000 in attorney fees, $165,819.60 in interest, and $1,275 in costs.

4

Appellants moved to vacate the judgment in Chen's favor and to enter a new judgment in their favor. Alternatively, they moved to vacate the judgment and enter a new judgment in favor of Jordan and Rebuilding America. The asserted grounds for the motion were: (1) uncontroverted evidence established Chen's action was barred by the statutes of limitations; (2) Chen failed to plead and prove the accrual of her causes of action were delayed by the discovery rule; (3) Chen did not introduce any evidence Jordan or Rebuilding America were involved in the acts underlying her claims; and (4) the judgment awarded attorney fees which Chen did not request in her complaint and did not support with evidence. The court granted the motion as to the attorney fees, but denied the motion in all other respects.

## DISCUSSION

After a defendant has answered a complaint, a court may grant the defendant judgment on the pleadings if "[t]he complaint does not state facts sufficient to constitute a cause of action against that defendant." (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii), (f)(2).)[2] " 'A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' [Citation.] 'All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law . . . .' " (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.) We consider judicially noticeable matters as well. (*Ibid.*)

---

2      Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

5

Chen's contract cause of action was subject to a four-year statute of limitations. (§ 337.)  Her remaining causes of action were subject to a three-year statute of limitations.  (§ 338, subd. (d); *Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 346-348.)  The related purposes of a statute of limitations are "to protect defendants from the stale claims of dilatory plaintiffs" and "to stimulate plaintiffs to assert fresh claims against defendants in a diligent fashion."  (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 395, internal citations omitted.)  "Critical to applying a statute of limitations is determining the point when the limitations period begins to run.  Generally, a plaintiff must file suit within a designated period after the cause of action *accrues*. [Citation.]  A cause of action accrues 'when [it] is complete with all of its elements'—those elements being wrongdoing, harm, and causation."  (*Pooshs v. Philip Morris USA, Inc.* (2011) 51 Cal.4th 788, 797 (*Pooshs*).)  Chen's causes of action were complete in all their elements when she purchased the property from LRDB in 2004 as that is when LRDB's wrongdoing caused her to incur monetary damages.

Nonetheless, under the discovery rule, accrual of a cause of action may be "postponed until the plaintiff 'discovers, or has reason to discover, the cause of action.' " (*Pooshs*, *supra*, 51 Cal.4th at p. 797.)  For purposes of this rule, discovery "occurs when the plaintiff 'has reason . . . to suspect a factual basis' for the action." (*Ibid*.)  A plaintiff has reason to suspect a factual basis for the action when the plaintiff has notice of information or circumstances that would put a reasonable person on inquiry. (*Norgart v. Upjohn Co.*, *supra*, 21 Cal.4th at p. 398.)  "[T]he discovery rule most frequently applies when it is particularly difficult for the plaintiff to observe or understand the breach of

6

duty, or when the injury itself (or its cause) is hidden or beyond what the ordinary person could be expected to understand." (*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1248.)

"In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that [his or her] claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.] In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand [a motion for judgment on the pleadings]' " (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808 (*Fox*).)

Appellants contend the court erred in denying their motion for judgment on the pleadings because Chen's claims were facially time-barred and she failed to comply with the discovery rule's specific pleading requirements. Chen does not directly counter this point. Instead, she contends appellants are estopped from asserting a statute of limitations defense because LRDB blatantly lied on the disclosure statement. She also contends she had no way of knowing one of the units was a garage conversion because all of the information provided to her before the sale indicated the property contained five rental units and all of the units were similar in appearance. Appellants have the better of the argument.

As Chen did not file her complaint until seven years after she purchased the property, her claims are facially time-barred under both of the applicable statutes of limitation. To the extent she is relying on the discovery rule to avoid the bar, she

7

indisputably has not complied with the rule's special pleading requirements because there are no allegations in her complaint to show she was unable, despite reasonable diligence, to discover the existence of the unpermitted garage conversion sooner.

To the extent Chen is relying on the doctrine of fraudulent concealment to avoid the bar, her complaint is similarly deficient. The doctrine of fraudulent concealment "tolls the statute of limitations if a defendant's deceptive conduct 'has caused a claim to grow stale.' [Citations.] In support of this doctrine, a plaintiff must allege the supporting facts—i.e., the date of discovery, the manner of discovery, and the justification for the failure to discover the fraud earlier—with the same particularity as with a cause of action for fraud." (*Fuller v. First Franklin Financial Corp.* (2013) 216 CalApp.4th 955, 962 (*Fuller*).) There are no allegations in Chen's complaint showing justification for the delayed discovery of her claims. Thus, the court erred in denying appellants' motion for judgment on the pleadings.

The only question remaining is whether Chen should be allowed an opportunity to amend her complaint to comply with the pleading requirements. (*Fox*, *supra*, 35 Cal.4th at p. 811.) "It is the plaintiff's burden on appeal to show in what manner it would be possible to amend a complaint to change the legal effect of the pleading; we otherwise presume the pleading has stated its allegations as favorably as possible. (*Fuller*, *supra*, 216 Cal.App.4th at p. 962; accord, *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Mendoza v. Continental Sales Co.,* (2006) 140 Cal.App.4th 1395, 1402.) Despite her burden, Chen's brief does not address whether or how she might amend her complaint to overcome any pleading deficiencies.

Moreover, it appears from the record a viable amendment is not possible. LRDB's obviously evasive responses to the disclosure statement questions about awareness of unpermitted work and code violations would have prompted a reasonable person concerned about these matters to inquire further. Records from the City of Oceanside and the County of San Diego introduced by Chen at trial showed one of the units was a garage conversion. The records from the City of Oceanside also showed no permit had been issued for the work. The existence of these publicly available sources of information effectively precludes Chen from being able to plead she could not have, with reasonable diligence, discovered LRDB's deception sooner. We, therefore, conclude Chen has not met her burden of establishing it is possible for her to amend her complaint to avoid the applicable time bars.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to enter a judgment on the pleadings for appellants. Appellants are awarded their appeal costs.

McCONNELL, P. J.

WE CONCUR:

McINTYRE, J.

O'ROURKE, J.

9