Filed 3/25/24  Varuna Entertainment v. Ball CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| VARUNA ENTERTAINMENT, INC. et al., | B324393 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 20STCV27364) |
| v. | |
| PREMA BALL et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment the Superior Court of Los Angeles County.  Mark V. Mooney, Judge.  Affirmed in part and reversed in part.

DeClercq Law and William B. DeClercq for Plaintiffs and Appellants.

Safarian Choi & Bolstad, David C. Bolstad and Alexis Ashjian for Defendants and Respondents.

_____

An independent contractor began developing a television show while working at an entertainment company. He left the company, taking with him the show's development file, which he secretly sold to a cable channel. The show then aired on the cable channel as a successful series. The entertainment company sued the independent contractor for conversion, breach of contract, declaratory relief, and other claims. The trial court determined the claims were untimely and dismissed the suit after sustaining a demurrer on statute of limitations grounds. We conclude, as to the conversion, breach of contract, and declaratory relief claims, the discovery rule was sufficiently pleaded to toll the applicable statutes of limitations. We reverse the judgment of dismissal as to those causes of action. We affirm the judgment of dismissal as to the remaining causes of action.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.     Facts**

**A.     Parties**

Plaintiffs are Varuna Entertainment, Inc. (Varuna), which creates and produces television shows and films, and its owner, Ali Bazzy (Bazzy) (collectively plaintiffs). Defendants are Prema Ball (Ball), who worked for Varuna as an independent contractor, and Kick Punch Studios FMV, LLC, also known as Skip Film(s) (collectively defendants).

**B.     Reality Television Show**

In 2003, Varuna hired Ball under a written work made for hire contract. That meant Varuna owned all of Ball's work product and all rights. The contract was renewed annually through June 28, 2011.

In 2009, Ball began developing for Varuna a reality television show entitled *Gold Divers*. The show was to feature

2

gold miners and off-shore gold mining on the coast of Alaska. Ball researched the concept, contacted and interviewed miners, and visited Alaska. Jason Morgan (Morgan), who co-owned Varuna at the time, worked with Ball to develop *Gold Divers*.[1]

Ball wished to go into business for himself. In "approximately 2012," Ball left Varuna and secretly made off with *Gold Divers*'s electronic and hard copy development file. Without apprising Varuna, Ball sold the development file to the Discovery Channel Network (Discovery Channel). The show continues to air on the Discovery Channel as *Bering Sea Gold* and on the Discovery Channel UK as *Gold Divers*. Skip Films assisted Ball with the sale despite knowing *Gold Divers* belonged to Varuna. Both Ball and Skip Films continue to be compensated by the Discovery Channel for both versions of the show.

By chance in 2018, Morgan saw the UK version of *Gold Divers* at an airport after noticing another passenger watching the show. Morgan investigated and confirmed Ball's theft and sale of the show to the Discovery Channel. Morgan told Bazzy what he had found. This lawsuit followed in 2020.

## C.    Stone Circle Transaction

Prior to 2012, Ball solicited Bazzy to invest in Ball's production company, Stone Circle Films, Inc. (Stone Circle). On January 1, 2012, Bazzy invested significant funds in Stone Circle in exchange for part ownership of the company stocks. Ball never disclosed to Bazzy that he had taken *Gold Divers*'s development file with the intention of profiting from it.

---

[1] Morgan was no longer affiliated with Varuna as of December 31, 2011. Bazzy has since been its sole owner.

3

## II.  Procedural Background

Plaintiffs filed a complaint against defendants on July 21, 2020, and then a first amended complaint.  Defendants demurred to the first amended complaint.  The trial court sustained defendants' demurrer with leave to amend.

On April 13, 2021, plaintiffs filed a second amended complaint alleging six causes of action:  conversion, conversion under the continuous accrual doctrine, and declaratory relief against defendants; breach of contract, and breach of contract under the continuous accrual doctrine against Ball alone; and a cause of action by Bazzy against Ball for fraudulent omission.  Defendants demurred, again arguing plaintiffs failed to state a claim for relief and the statutes of limitations barred all claims.  In opposition, plaintiffs asserted the discovery rule, the fraudulent concealment doctrine, and the continuous accrual doctrine applied.

Following a hearing on June 23, 2021, the trial court sustained defendants' demurrer to the second amended complaint in its entirety without leave to amend.[2]  On October 9, 2022, the court entered a judgment of dismissal.  Plaintiffs timely appealed.

---

[2] No statement of decision appears in the record.  However, the reporter's transcript of the June 23, 2021 hearing shows the trial court ruled plaintiffs had failed to state a cause of action for fraudulent omission.  The court also concluded the discovery rule, fraudulent concealment doctrine, and continuous accrual doctrine were either insufficiently pleaded or inapplicable.

4

**DISCUSSION**

## I. Standard of Review

On appeal from a judgment of dismissal after an order sustaining a demurrer, "we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162; see *Aryeh v. Carson Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191 [application of a statute of limitations based on facts alleged in a complaint is a legal question subject to de novo review].) " ' " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.' " ' " (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010.)

We must also decide whether there is a reasonable possibility the defects in the operative complaint can be cured by amendment. (*McClain v. Sav-On Drugs* (2017) 9 Cal.App.5th 684, 695.) Plaintiffs proffer no specific suggestions on how to further amend the second amended complaint, and we perceive no viable way to do so. The propriety of the dismissal in this case turns entirely on whether the operative complaint is timely and states one or more viable causes of action.

## II. Conversion and Breach of Contract Claims

### A. Applicable Statutes of Limitation

A statute of limitations states the period in which a plaintiff must bring suit or be barred. (*Aryeh v. Carson Business Solutions, Inc., supra,* 55 Cal.4th at p. 1191.) The statute of limitations for plaintiffs' causes of action for conversion and breach of contract are three and four years, respectively. (Code Civ. Proc., §§ 338, subd. (c), 337). These limitation periods

generally begin to run when the causes of action accrue, which is normally the date of injury. (*Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 931; *AmerUS Life Ins. Co. v. Bank of America, N.A.* (2006) 143 Cal.App.4th 631, 639 [conversion—date of wrongful taking]; *Ram's Gate Winery, LLC v. Roche* (2015) 235 Cal.App.4th 1071, 1084 [breach of contract—date of breach].)

Plaintiffs alleged their injuries—the theft and sale of *Gold Divers*'s development file—occurred in 2012.[3] Plaintiffs commenced their suit in 2020, well after the applicable limitation periods had expired. Nonetheless, plaintiffs urge their conversion and breach of contract claims are not time-barred because they pleaded sufficient facts to invoke the discovery rule. We agree.

### B. Discovery Rule

The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807; accord, *Pooshs v. Philip Morris USA, Inc.* (2011) 51 Cal.4th 788, 797.) "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should

---

[3] In the operative complaint, plaintiffs allege Ball took the file when he left his job at Varuna in "approximately 2012." At the most recent demurrer hearing, plaintiffs' counsel acknowledged *Bering Sea Gold* "started actually airing in 2012." (*Physicians Committee for Responsible Medicine v. KFC Corp.* (2014) 224 Cal.App.4th 166, 180 ["In sustaining a demurrer, the trial court may take into account as admissions against interest statements made in argument, and may rely on concessions made by plaintiff's counsel during oral argument to show there was no basis for a cause of action"].)

6

suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110.)  But, "[i]n order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' " (*Fox v. Ethicon Endo-Surgery, Inc., supra,* 35 Cal.4th at p. 808.)

Relying heavily on *NBCUniversal Media, LLC v. Superior Court* (2014) 225 Cal.App.4th 1222 (*NBCUniversal*), defendants maintain plaintiffs cannot invoke the discovery rule.  They argue the operative complaint "conclusively establish[ed]" that plaintiffs "were aware, or reasonably should have been aware, of the existence of [their] claims in 2012."  We are not persuaded.

In *NBCUniversal*, the plaintiffs sued the defendants for breach of an implied contract and breach of confidence for having misappropriated and used the plaintiffs' ideas for a reality television show. (*NBCUniversal Media, supra,* 225 Cal.App.4th at p. 1226.)  The plaintiffs filed their complaint after the statutes of limitation had expired. (*Ibid.*)  Plaintiffs contended, however, the discovery rule delayed accrual of their claims.  They only became aware the defendants had used their ideas after the series had begun. (*Id.* at p. 1227.)

*NBCUniversal* held the plaintiffs' claims accrued on the date of the disputed show's first episode, and the plaintiffs failed to plead sufficient facts showing they could not have discovered their claims earlier despite reasonable diligence. (*NBCUniversal, supra,* 225 Cal.App.4th at p. 1234.)  There was no indication the

7

defendants "fraudulently concealed the broadcast from them, or that [the plaintiffs] lacked a meaningful ability to view it." (*Ibid*.) Further, "[t]he mere fact that [the plaintiffs] did not personally view the program until sometime after the first broadcast is irrelevant, as the discovery rule does not operate to delay accrual of a cause of action 'beyond the point at which their factual basis became accessible to plaintiff to the same degree as it was accessible to every other member of the public.' " (*Ibid*.) *NBCUniversal* concluded a television show's "public disclosure to even a limited audience is sufficient to preclude a plaintiff from arguing that the breach and injury were secretive and difficult to detect." (*NBCUniversal,* at p. 1235.)

We conclude *NBCUniversal* is not controlling here. In that case, the plaintiffs also "were on inquiry notice prior to the [first] public broadcast of the [disputed] show. A plaintiff is on inquiry notice when she 'suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her.' " (*NBCUniversal, supra,* 225 Cal.App.4th at p. 1236, italics added.) *NBCUniversal* held the plaintiffs were put on inquiry notice by an e-mail received from the defendants' representative within the limitation period. This e-mail gave an ambiguous description of an apparently similar show in production. Although the e-mail aroused the plaintiffs' suspicions, they never followed through with an investigation. (*Ibid*.) Thus, apart from the show's public disclosure, there was also sufficient facts showing the plaintiff was on inquiry notice of the defendant's wrongdoing. In other words, the plaintiff cannot benefit from the discovery rule by keeping his or her head in the sand. (*NBCUniversal, supra,* 225 Cal.App.4th at pp.1227–1228.)

8

Unlike *NBCUniversal*—which was on summary judgment—the operative complaint alleges no facts that plaintiffs suspected or should have suspected Ball's theft and sale of *Gold Divers*'s development file before Morgan's fortuitous discovery in 2018. Instead, the complaint alleges Ball, who was tasked with developing the show, "misrepresented to Varuna that the project was 'dead' and further misrepresented that the project could not be revived because gold diving had been 'shut down' off the coast of Alaska." Ball then left Varuna without revealing he was taking the development file with him. When the show was sold to the Discovery Channel, it aired under a different name.[4] The operative complaint also alleges because plaintiffs had no reason to suspect Ball before 2018, they did not take it upon themselves to continuously "monitor the many thousands of consumer cable television channels or the hundreds of thousands of cable television shows on air at any given time on the many thousands of available cable channels" for wrongdoing. (Cf. *Shively v. Bovanich* (2003) 31 Cal.4th 1230, 1249 [applicability of discovery rule in defamation case may turn on whether defamatory writing "has been kept in a place to which the plaintiff has no access or cause to seek access"]; and *Hebrew Academy of San Francisco v. Goldman* (2007) 42 Cal.4th 883, 894 [application of the discovery rule may depend on whether the defamatory writing was "published in an inherently secretive manner"].)

---

[4] The parties dispute whether plaintiffs consistently alleged Ball's name was omitted from the producer credits of the Discovery Channel show. Whether Ball was credited at any point in the broadcast as producing the show has no bearing on our analysis of the propriety of the demurrer.

Taking the allegations in the operative complaint as true, plaintiffs have alleged sufficient facts to invoke the discovery rule for their conversion and breach of contract causes of action to survive demurrer.[5]

## III. Fraud by Omission Claim

The operative complaint alleges a cause of action by Bazzy against Ball for fraud by omission in connection with the Stone Circle transaction. The elements of fraud by omission are: (1) misrepresentation by nondisclosure; (2) knowledge of falsity; (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) To plead fraud by omission, the plaintiff must also plead that the defendant was under a duty to disclose the allegedly omitted fact. (*Lopez v. Nissan North America, Inc.* (2011) 201 Cal.App.4th 572, 596.)

"Had Ball disclosed to Bazzy that Ball had taken Gold Divers['s development file] with the intention of profiting from it, Bazzy would not have invested into Stone Circle." Plaintiffs allege Ball fraudulently induced Bazzy to invest in Stone Circle by failing to reveal his prior theft and sale of *Gold Divers*. And, had Bazzy known of Ball's misdeeds, he would not have invested

---

[5] Because we conclude the conversion and breach of contract causes of action are not time-barred under the discovery rule, we need not address plaintiffs' alternative equitable tolling theory of fraudulent concealment. Further, the doctrine of continuous accrual fails to support plaintiffs' causes of action for "conversion under the continuous accrual doctrine" and "breach of contract under the continuous accrual doctrine" as a matter of law. (*NBCUniversal v. Superior Court, supra,* 225 Cal.App.4th at p. 1237, fn. 10.)

in Stone Circle.  These allegations fail to allege facts sufficient to state a cause of action for fraudulent omission.

As previously stated, Ball's conversion and breach purportedly occurred in 2012.  The pleading also asserts that after Ball approached him to invest, Bazzy signed an investment agreement on January 1, 2012.  Therefore, Ball's solicitation of Bazzy to invest must have occurred in 2011, prior to the execution of their agreement and before Ball's departure from Varuna and wrongdoing.  From the allegations in the operative complaint, Ball did not "misrepresent by nondisclosure" his theft and breach to fraudulently induce Bazzy to invest in Stone Circle. The demurrer to the cause of action for fraud by omission was properly sustained.

## DISPOSITION

The judgment of dismissal as to the first cause of action for conversion, the third cause of action for breach of contract, and the related sixth cause of action for declaratory relief is reversed.

The judgment of dismissal as to the second cause of action for conversion under the continuous accrual doctrine, the fourth cause of action for breach of contract under the continuous accrual doctrine, and the fifth cause of action for fraudulent omission is affirmed.

The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.

12